JUDGE BAER

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

JESSENIA GUZMAN,                                    **18 CV 5445**

                        Plaintiff,                 **COMPLAINT**
                                                   Jury Demand

                - against -

CITY OF NEW YORK,
NEW YORK CITY POLICE DEPARTMENT,
RAYMOND KELLY, Commissioner of the NYC Police
Department,
LIEUTENANT RICHARD J. KHALAF,
SERGEANT DAMIAN GARCIA,
INSPECTOR NANCY BARRY,
"JOHN" BELLO, M.D., and
SERGEANT DANIEL HERBERT,
all being sued in their individual and professional capacities,

                        Defendants.
-------------------------------------------------------------------X

RECEIVED
AUG 05 2013
U.S.D.C. S.D. N.Y.
CASHIERS

Plaintiff JESSENIA GUZMAN, by her attorneys CRONIN & BYCZEK, LLP,

complaining of defendants CITY OF NEW YORK, NEW YORK CITY POLICE

DEPARTMENT, RAYMOND KELLY, Commissioner of the NYC Police Department,

LIEUTENANT RICHARD J. KHALAF, SERGEANT DAMIAN GARCIA, INSPECTOR

NANCY BARRY, "JOHN" BELLO, M.D., and SERGEANT DANIEL HERBERT, each being

sued in their individual and official capacities as employees of the CITY, allege that:

### NATURE OF ACTION

1. This is an action for equitable relief and money damages on behalf of plaintiff JESSENIA

    GUZMAN, (hereinafter referred to as "Plaintiff") who was, and who is prospectively

    deprived of her statutory and constitutional rights as a result of the defendants' policies and

    practices of discrimination based upon her race, gender, color, hostile work environment and

    retaliation.  Said policies were implemented under color of law.

1

## JURISDICTION AND VENUE

2. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343 and 2202 to secure protection of and to redress deprivation of rights secured by:

   a. Title VII of the Civil Rights Act of 1964 (hereinafter referred to as "Title VII") providing for injunctive and other relief against discrimination in employment on the basis of race, gender, and color;

   b. The Pregnancy Discrimination Act of Title VII of the Civil Rights Act of 1964 (hereinafter referred to as "Pregnancy Discrimination Act") providing for injunctive and other relief against discrimination in employment on the basis of pregnancy;

   c. The Civil Rights Act of 1871, 42 U.S.C. § 1983, providing for the protection of all persons in their civil rights and the redress of deprivation of rights under color of law;

   d. The unlawful employment practices, violations of plaintiff's civil rights and tortious acts complained of herein were committed within the Southern District of New York.

3. The pendent jurisdiction of the federal district court is invoked with respect to the plaintiff's claims under New York State Executive Law § 296; and New York City Administrative Code § 8-502 and § 8-102, pursuant to 28 U.S.C. § 1367, because the entire action before the court comprises one constitutional and civil rights case, and the claims arise out of the same common nucleus of facts and are such that the plaintiff would ordinarily be expected to try them in one judicial proceeding.

## PLAINTIFF

4. Plaintiff is a female Hispanic citizen of the United States of America and is over twenty-one (21) years of age, a resident of Orange County and the State of New York and is an employee of defendant CITY OF NEW YORK (hereinafter referred to as the "CITY") more specifically the NEW YORK CITY POLICE DEPARTMENT (hereinafter referred to as the "NYPD"). For the purposes of this litigation, NYPD may be used interchangeably with Defendant CITY to identify the employer which is Defendant CITY.

## DEFENDANTS

5. Defendant CITY OF NEW YORK ("CITY") is a municipal entity created and authorized under the laws of the CITY and State of New York. CITY is authorized by law to maintain a Police Department ("NYPD") that acts as its agent and for which it is ultimately responsible.

6. Defendant CITY is an employer as defined in Title VII, employing more than fifteen (15) employees, and is engaged in an industry affecting commerce.

7. Defendant NEW YORK CITY POLICE DEPARTMENT ("NYPD") operates under the direct authority of the CITY and is the official CITY agency and maintains control offices at One Police Plaza, New York, New York.

8. Defendant RAYMOND KELLY ("KELLY") was at all relevant times the Commissioner of the NYPD and is sued in his individual and official capacity.

9. Defendant LIEUTENANT RICHARD J. KHALAF ("KHALAF"), a white male, was at all relevant times a Lieutenant for the New York City Police Department and is acting in such capacity at all times relevant herein. Defendant KHALAF was at all relevant times Plaintiff's supervisor and is sued in his individual and official capacity.

10. Defendant SERGEANT DAMIAN GARCIA ("GARCIA"), a Hispanic male, was at all relevant times a Sergeant for the New York City Police Department and is acting in such capacity at all times relevant herein. Defendant GARCIA was at all relevant times Plaintiff's supervisor and is sued in his individual and official capacity.

11. Defendant INSPECTOR NANCY BARRY ("BARRY"), a white female, was at all relevant times an Inspector for the New York City Police Department and is acting in such capacity at all times relevant herein. Defendant BARRY was at all relevant times Plaintiff's supervisor and is sued in her individual and official capacity.

12. Defendant "JOHN" BELLO, M.D. ("BELLO"), a white male, was at all relevant times a District Surgeon for the New York City Police Department and is acting in such capacity at all times relevant herein. Defendant BELLO was at all relevant times Plaintiff's supervisor and is sued in his individual and official capacity.

13. Defendant SERGEANT DANIEL HERBERT ("HERBERT"), a white male, was at all relevant times a Sergeant for the New York City Police Department and is acting in such capacity at all times relevant herein. Defendant HERBERT was at all relevant times Plaintiff's supervisor and is sued in his individual and official capacity.

## PROCEDURAL REQUIREMENTS

14. Plaintiff has filed suit with this Court within the applicable statute of limitations period.

15. Plaintiff is not required to exhaust any administrative procedures prior to suit under the Civil Rights Act of 1871.

16. On or about July 26, 2012, Plaintiff submitted a complaint with the EEOC under charge number 520-2012-03074. Subsequently, Plaintiff submitted a supplemental EEOC complaint on October 24, 2012, and a second supplemental complaint on June 14, 2013.

17. On or about July 11, 2013, Plaintiff demanded a Notice of Right to Sue letter from the EEOC, a copy of which is forthcoming.

## FACTUAL BACKGROUND

18. Plaintiff GUZMAN is a Hispanic female who complained of race, gender and color discrimination, harassment, hostile work environment and retaliation. Said information was known to all defendants.

19. Plaintiff GUZMAN is employed by the CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT. Her date of appointment was September 29, 2000.

20. At all times relevant herein, Plaintiff was assigned to the 24th Precinct, located at 151 West 100th Street, New York, NY 10025.

21. Plaintiff has been subjected to a continuing pattern and practice of discrimination and hostile work environment based upon her race, gender and color and in retaliation for complaining about defendants' discriminatory actions and other wrongdoings.

22. Plaintiff asserts that the defendants engage in a pattern and practice of discrimination against Hispanics and other minority officers and against women.

23. During July and August of 2010, while Plaintiff was pregnant with twins, she was placed on "restricted duty." Plaintiff was assigned to work as a telephone operator at a desk.

24. The area of the stationhouse in which Plaintiff's desk was located was not air-conditioned, and became extremely hot. Additionally, the elevators in the building were out of order, requiring employees, including Plaintiff, to use the stairs instead.

25. Commanding Officer Kathleen O'Reilly, a white female, was fully aware that the air-conditioning was not working, and that the elevator was out of service.

26. As a result of working long hours in an area of the stationhouse that had no air-conditioning, Plaintiff began suffering from swollen legs and ankles, among other things.

27. Plaintiff consulted her private OB-Gyn, who recommended that she continue on restricted-duty, provided she was permitted to work in an office with air-conditioning. Plaintiff's doctor went so far as to write a letter to Defendant BELLO requesting that Plaintiff be allowed to work in a room or area that had air-conditioning.

28. Defendant BELLO, a white male and the Police Surgeon, outright ignored the diagnosis of Plaintiff's private doctor, that working in the heat was adversely affecting Plaintiff, as well as her recommendation that Plaintiff be permitted to work only in an air-conditioned room.

29. Defendant BELLO ordered Plaintiff to continue to work restricted-duty without the minor accommodation of an air-conditioner.

30. On or about August 5, 2010, Plaintiff saw her Ob-Gyn, at which time she discovered that Plaintiff's cervix had begun funneling. Plaintiff had to be admitted to the hospital immediately.

31. As a direct result, Plaintiff went into premature labor at only twenty-three weeks gestation. Three days thereafter, Plaintiff gave birth to twins, both of whom died shortly after birth.

32. On or about November 23, 2011, Plaintiff gave birth to a healthy baby.

33. On or about May 3, 2012, Plaintiff returned to work on full-duty since she had used up all of her maternity leave and accrued vacation time.

34. Upon her return to work, Plaintiff returned to "Sector A", her regular assignment, which she had worked on a regular basis for many years.

35. Sector A is a particular section of area that the 24th Precinct covers, for which Plaintiff would perform patrol functions with a partner in an air-conditioned, marked, motor vehicle.

36. On or about May 8, 2012, Plaintiff became aware that she was pregnant again, but continued to work her regular assignment without issue. Plaintiff was afraid of being discriminated against, for having gotten pregnant again shortly after she returned to full-duty.

37. On or about May 18, 2012, Plaintiff began suffering from acute morning sickness, and called the NYPD "Pregnancy Desk" as required by NYPD rules and regulations.

38. On or about May 20, 2012, Plaintiff informed Defendant KHALAF, a white male, that she was pregnant, and he immediately ordered her to "suit down and go on T-S", which essentially was to take her gun-belt and vest off and report as the telephone operator on the desk.

39. On or about May 22, 2012, Plaintiff was performing her assigned task as T-S operator, when Defendant KHALAF demanded, in a message relayed by Defendant GARCIA, that she put on her uniform.

40. Plaintiff calmly explained to Defendant KHALAF that the patrol guide exempts pregnant women from wearing their uniforms when not practicable. Plaintiff even went so far as to show him the relevant patrol guide section, to which he yelled at her "I don't care."

41. Defendant KHALAF then solicited Defendant GARCIA to order Plaintiff to go to the locker room to put her uniform pants on, which Defendant GARCIA did.

42. Plaintiff calmly explained to Defendant GARCIA that she could not put the uniform pants on as they did not fit her because she was pregnant.

43. Defendant GARCIA responded by pointing his finger in Plaintiff's face while screaming "I'm ordering you to go upstairs and put those pants on."

44. Police Officer Lisa Mendoza, one of Plaintiff's co-workers, attempted to intervene and gestured for Defendant GARCIA to calm down. She also told Plaintiff to go upstairs while she called the Union Delegate.

45. Upstairs in the women's locker room, Sergeant Merkowski, the Union Delegate, saw that Plaintiff could not fit into her uniform pants and went to report same to Defendant KHALAF.

46. Defendant KHALAF sent Sergeant Merkowski back upstairs again, to watch Plaintiff attempt to put on another pair of uniform pants.

47. During that time, Plaintiff became increasingly ill, and Delegate Calderone even told Plaintiff that she looked pale and distressed.

48. Sergeant Merkowski told Plaintiff that she would report to Defendant KHALAF that Plaintiff could not fit into any of the uniform pants she tried on, and that she was becoming increasingly ill.

49. Plaintiff was informed that Defendant KHALAF, upon hearing Sergeant Merkowski's report, became enraged and screamed, in front of numerous witnesses, including civilians, "I'm going to get her suspended for disobeying a direct order, discourtesy and being off post."

50. Due to concern for Plaintiff's medical condition, Police Officer Calderone accompanied Plaintiff to the hospital.

51. Plaintiff's hospital release records indicate that Plaintiff had had an anxiety attack, which included her heart racing, high blood pressure and the like, as a result of the incident at the stationhouse. Plaintiff was released without being given medication.

52. Upon her return to the 24th Precinct, Plaintiff was told to "standby" – as it was likely she would be suspended for disobeying a direct order, which Plaintiff did for approximately an hour and a half. Then, Defendant INSPECTOR NANCY BARRY, a white female, and the highest ranking officer at the precinct, ordered Plaintiff to go home.

53. Defendant BARRY was fully aware of the above-mentioned incident, and in fact told Plaintiff's PBA representative that Plaintiff could go home.

54. Upon information and belief, Defendant BARRY failed to file an EEO complaint on Plaintiff's behalf, as was required under NYPD rules and regulations.

55. On or about May 23, 2012, Plaintiff was ordered to see the District Surgeon, who became angry and verbally abusive, stating words to the effect that she was lucky to be a police officer because of the benefits received when she got pregnant, that she should not "make waves" because she seemed to have a "fiery side", and that private patients do not receive the same benefits as Plaintiff does.

56. On the same day, Plaintiff had an appointment with her private physician, who sadly reported that she could not hear the baby's heartbeat.

57. On or about May 25, 2012, Plaintiff's next regular tour of duty, Plaintiff reported sick as she was spotting blood, and remained out sick until June 9, 2012, when Defendant BELLO ordered her back to restricted duty to work T-S duty at the desk.

58. On or about June 10, 2012, Plaintiff began bleeding again so she called the "Pregnancy Desk" to go "out sick" again. Plaintiff had to wait for her body to eject the fetus

naturally, despite the fact that it was already dead. Obviously, that was an extremely traumatic experience for Plaintiff to endure.

59. On or about June 13, 2012, at approximately 3:30 a.m., Plaintiff suffered the miscarriage and was bleeding profusely, and was thus admitted to Orange Regional Medical Center. Plaintiff again called the "pregnancy desk" to inform them.

60. On or about June 14, 2012, Plaintiff was ordered to see the Police Surgeon again, who told her that he would give her only one week to return to full-duty work.

61. On or about June 24, 2012, Plaintiff returned to full-duty work, and was ordered to work a foot post, in obvious retaliation for her complaints of discrimination.

62. Since that time, Plaintiff has been harassed constantly by Defendants KHALAF and GARCIA, her Squad Supervisor.

63. Despite having far more seniority than many of her fellow officers in the squad, Plaintiff has been forced to work the foot post and has been subject to constant scrutiny.

64. Specifically, on or about June 27, 2012, Defendant GARCIA forced Plaintiff to fill-out a "28" (leave of absence) for being a mere 7 minutes late. None of the other officers have been required to fill-out a "28" for being 7 minutes late.

65. Additionally, since June 27, 2012 or thereabout, Defendant GARCIA comes to Plaintiff to review her memo book page-by-page, which is completely outside normal operating procedure, and which none of the other officers in the squad are subjected to.

66. Upon complaining to her Union Delegate, Plaintiff was informed that they were "building a case" against her for having complained.

67. On or about July 17, 2012, Plaintiff was scheduled to work a 7 a.m. to 4 p.m. tour, but had to call in for an "E-Day" (Emergency Day) at 5 a.m. since her baby had a high fever. Plaintiff was told by Sergeant Aquino to call back the day tour, which she did.

68. At about 10 a.m. Plaintiff spoke with Defendant HERBERT who told her she could not have the day off and "you are in a car today." Plaintiff was denied the "E-Day" but was given "loss-time upfront," for which she had to fill out a "28" for the time she missed. Plaintiff had in fact been on foot patrol for approximately four weeks at that time. Plaintiff then texted a co-worker who told her that all sectors were assigned, meaning she was not scheduled for a car that day and that all the cars were out.

69. At approximately the same time, Police Officer Liampachara, a male, was granted an "E-Day" because his eight-month old son had a fever.

70. Plaintiff reported at 12:50 p.m., but was served with a Command Discipline anyway, since the Sergeant told her to "be in as soon as possible." Plaintiff handed in a "28" (lost time) and went to her foot post.

71. Plaintiff's PBA Delegate informed her that "Sergeant claimed you went AWOL."

72. On or about September 25, 2012, Plaintiff refused a CD for "Warn and Admonish" and in retaliation the penalty was increased to four hours.

73. Two female Latina officers, Batista and Hnatko, had threatened to file EEO charges against Sergeant Pomilla, a white male, over an insubordination charge. Upon learning of their plan to file an EEO complaint, Administrative Lieutenant Bases called them into his office and threatened to switch them to the midnights shift, which he knew would cause a serious child-care issue for one of the two women, as well as to take them away from their partners. Lieutenant Bases also stated "go ahead and file, it never goes anywhere."

Shortly thereafter, Police Officer Batista was issued a CD. It has also become a common practice among the white male Sergeants, including Sergeant Pomilla, to get arrests from other sectors and assign them to female officers, especially Officer Hnatko.

74. On or about February 11, 2013, Plaintiff successfully interviewed for a position in the NYPD's specialized POPPA Unit, which provides counseling, psychological and social work services to active and retired members of the NYPD. Plaintiff applied for a transfer to that department and assignment.

75. Plaintiff was well-qualified for the position, having received a Bachelor's in Psychology from Marist College in 1994, as well as a Master's of Science in Social Work at Columbia University in 1999, which she earned while working full-time in advanced clinical social work.

76. After her interview on February 11, 2013, Plaintiff was informed that she was a top candidate for the position, as she had the most experience, and was the most qualified individual. Despite the foregoing, the Director of POPPA told Plaintiff that her request for a transfer to the POPPA unit was not approved. As of June 14, 2013, the position in POPPA had still not been filled.

77. Upon her return from vacation on or about March 12, 2013, Plaintiff was notified that, despite her seniority and having the highest activity in the unit, she would not have either a steady sector or even a contingent sector assignment.

78. Upon information and belief, this directive came from Defendant KHALAF, in retaliation for her prior complaints against him.

79. As a result of this assignment, Plaintiff is considered a "floater" or "fly-officer" which is commonly a rookie assignment, and was required to continue on a foot assignment.

80. As a direct result from this assignment, Plaintiff's employment has been severely impacted, as she can no longer make arrests, and she has rarely been permitted to work overtime, which has hampered her ability for career advancement. Additionally, Plaintiff was purposefully alienated from her peers and co-workers as a result of said assignments.

81. Plaintiff has been repeatedly subjected to unwarranted scrutiny and retaliation at the hands of Defendant KHALAF. Specifically, on or about April 22, 2013, Defendant KHALAF questioned Plaintiff's whereabouts for no apparent reason, and even went so far as to check with the Assistant District Attorney with whom Plaintiff had been working in order to verify her whereabouts.

82. Defendant KHALAF issued a Command Disciplined to Plaintiff for not returning to the precinct quickly enough after Court-detail. Other members of the squad who returned at or about the same time as Plaintiff from Court-detail were not issued CDs.

83. On or about May 6, 2013, Defendant KHALAF wrote Plaintiff up in the Minor Violations Log, despite that she was wearing the same uniform as the telephone operator who she was relieving.

84. On or about May 23, 2013, Plaintiff was again written up in the Minor Violations Log, this time for not having a flashlight on her person. Other officers would be given the opportunity to retrieve their flashlight before being written up in the Minor Violations Log.

85. On or about May 14, 2013, Defendant KHALAF positioned himself in proximity of the telephone switchboard that Plaintiff worked, as he was like to do, despite the fact that he was not the supervising Lieutenant for Plaintiff's assignment.

86. At the aforementioned time and place, a co-worker asked Plaintiff a quick benign question in Spanish, which Plaintiff answered in Spanish.

87. As a result of this interaction, Defendant KHALAF issued Plaintiff a Command Discipline Memorandum, a copy of which he directed go into her personnel file, for an alleged violation of NYPD "English Only" policy. The memorandum itself is contradictory, as it is dated May 14, 2013, yet alleges a violation observed by Defendant KHALAF on May 15, 2013.

88. Said quick interaction with a co-worker in Spanish did not in fact violate the NYPD's policy of "English Only".

89. Alternatively, the NYPD's "English Only" policy violates Civil Rights, Federal anti-discrimination rules, EEOC regulations, and New York State and New York City anti-discrimination laws, rules and regulations. The communication between Plaintiff and her co-worker was not reasonably necessary to the operation of the business, nor was it an emergency or other situation in which common language communication is necessary to promote safety.

90. The communication was in fact short and benign, between co-workers who both spoke Spanish, and Plaintiff merely responded to a Spanish inquiry. The Spanish communication was merely a pretext for retaliation against Plaintiff.

91. White pregnant Police Officers in the 24th Precinct, namely Police Officers Danielle Foley, Nina Frkyberg and Joanne Greene, have been permitted to work restricted duty in air-conditioned offices. By comparison, minority pregnant officers, such as Plaintiff and Police Officer Keisha Smith, have been and continue to be routinely abused, and not given similar accommodations as the white officers are given.

92. Inexplicably, and in complete contradiction to Plaintiff's private doctor's orders, Defendant BELLO repeatedly put Plaintiff and her unborn baby in jeopardy by placing her on restricted-duty, refusing to accommodate her in an air-conditioned environment, and placing her back on full-duty too shortly after her miscarriage.

93. Upon information and belief, similarly-situated white officers are not forced back on restricted-duty or full-duty so quickly, and especially not against their private doctor's orders.

94. Upon information and belief, pregnant white females in Plaintiff's Command are routinely placed on restricted-duty, and allowed to work in the stationhouse in civilian attire and in air-conditioned environments, or are permitted to stay out sick if their private doctor directs same. Pregnant white females in Plaintiff's Command are routinely treated with exceeding accommodation, while minority officers are continually denied similar treatment.

95. Plaintiff has had a good time and attendance record and rarely takes time off or lost time.

96. Plaintiff has always enjoyed excellent evaluations, including 4.5 out of 5.0 in both her 2008-2009 and 2009-2010 evaluations. She has one of the highest summons activity as well as one of the highest arrest records in her platoon.

97. However, since the "disagreement" with Defendants KHALAF, GARCIA, and BARRY, Plaintiff received 3.5 out of 5.0 on her 2012 evaluation and has been constantly harassed and threatened with disciplinary action.

98. Plaintiff is in constant fear of losing her job, and is continually humiliated, embarrassed and intimidated by Defendants.

99. As a direct result, Plaintiff has suffered economic, physical, emotional and mental injuries and damages, including, but not limited to, hair loss, gynecological issues, fatigue and loss of sleep, as well as other medical treatment.

100.    Plaintiff's ability for career advancement has also been hampered by Defendants' harassment, intimidation, threats and disciplinary action.

## VIOLATIONS AND CLAIMS ALLEGED

### COUNT I
### RACE DISCRIMINATION IN VIOLATION OF
### TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

101.    Plaintiff re-alleges paragraphs 1 through 100 and incorporates them by reference as paragraphs 1 through 100 of Count I of this Complaint.

102.    Plaintiff alleges that defendant CITY through its agents engaged in a pattern and practice of discrimination against him with respect to the terms, conditions and privileges of employment because of the plaintiff's race in violation of 42 U.S.C. § 2000e-2.

103.    As a result of the acts of defendants under color of law, plaintiff suffered emotional distress, humiliation and embarrassment, medical and legal expenses, and out of pocket expenses for telephone, postage, and other costs of pursuing the claims herein.

### COUNT II
### GENDER DISCRIMINATION IN VIOLATION OF
### TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

104.    Plaintiff re-alleges paragraphs 1 through 103 and incorporates them by reference as paragraphs 1 through 103 of Count II of this Complaint.

105.    Plaintiff alleges that defendant CITY through its agents engaged in a pattern and practice of discrimination against him with respect to the terms, conditions and privileges of employment because of the plaintiff's gender in violation of 42 U.S.C. § 2000e-2.

106.     As a result of the acts of defendants under color of law, plaintiff suffered emotional distress, humiliation and embarrassment, medical and legal expenses, and out of pocket expenses for telephone, postage, and other costs of pursuing the claims herein.

### COUNT III
### COLOR DISCRIMINATION IN VIOLATION OF
### TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

107.     Plaintiff re-alleges paragraphs 1 through 106 and incorporates them by reference as paragraphs 1 through 106 of Count III of this Complaint.

108.     Plaintiff alleges that defendant CITY through its agents engaged in a pattern and practice of discrimination against him with respect to the terms, conditions and privileges of employment because of the plaintiff's color in violation of 42 U.S.C. § 2000e-2.

109.     As a result of the acts of defendants under color of law, plaintiff suffered emotional distress, humiliation and embarrassment, medical and legal expenses, and out of pocket expenses for telephone, postage, and other costs of pursuing the claims herein.

### COUNT IV
### RETALIATION IN VIOLATION OF
### TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

110.     Plaintiff re-alleges paragraphs 1 through 109 and incorporates them by reference as paragraphs 1 through 109 of Count IV of this Complaint.

111.     Plaintiff alleges that defendant CITY through its agents engaged in various retaliatory actions against plaintiff as a result of her opposition to race, gender and color discrimination and as a result of her filing such complaints with defendants and the EEOC, in violation of 42 U.S.C. § 2000e-3(a).

112.     That as a result of the illegal acts of defendant CITY through its agents, plaintiff suffered depression and anxiety.

## COUNT V
### HOSTILE WORK ENVIRONMENT IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

113.    Plaintiff re-alleges paragraphs 1 through 112 and incorporates them by reference as paragraphs 1 through 112 of Count V of this Complaint.

114.    Plaintiff alleges that Defendant CITY through its agents engaged in various severe and hostile actions towards plaintiff as a result of her opposition to race, gender and color discrimination and as a result of her filing such complaints with the NEW YORK CITY POLICE DEPARTMENT and the EEOC.

115.    That as a result of the severe and hostile acts of the Defendant CITY through its agents, plaintiff suffered depression, anxiety and loss of job opportunities.

## COUNT VI
### RACE DISCRIMINATION IN VIOLATION OF THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983

116.    Plaintiff re-alleges paragraphs 1 through 115 and incorporates them by reference as paragraphs 1 through 115 of Count VI of this Complaint.

117.    Defendants CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, RAYMOND KELLY, Commissioner of the NYC Police Department, LIEUTENANT RICHARD J. KHALAF, SERGEANT DAMIAN GARCIA, INSPECTOR NANCY BARRY, "JOHN" BELLO, M.D., and SERGEANT DANIEL HERBERT, under color of law, personally interfered with and deprived plaintiff of her constitutional rights, including the rights: to enjoy freedom of speech, to petition her government for redress of her grievances, to be secure in her person, to enjoy privacy, to be free from deprivation of life, liberty, and property without due process of law.

118.    Defendants LIEUTENANT RICHARD J. KHALAF, SERGEANT DAMIAN

GARCIA, INSPECTOR NANCY BARRY, "JOHN" BELLO, M.D., and SERGEANT
DANIEL HERBERT, acting individually and in their official capacities as public
officials of defendant CITY under color of law, and having been fully advised that
plaintiff was being deprived of her constitutional rights, either acted in a concerted,
malicious intentional pattern to further discriminate against plaintiff, or knowing such
discrimination was taking place, knowingly omitted to act to protect plaintiff from
continuing deprivations of her rights to enjoy freedom of speech, to petition her
government for redress of her grievances, to be secure in her person, to enjoy privacy, to
be free from deprivation of life, liberty, and property without due process of law, all in
violation of 42 U.S.C. § 1983.

119.     Defendants CITY OF NEW YORK, NEW YORK CITY POLICE
DEPARTMENT, RAYMOND KELLY, Commissioner of the NYC Police Department,
LIEUTENANT RICHARD J. KHALAF, SERGEANT DAMIAN GARCIA,
INSPECTOR NANCY BARRY, "JOHN" BELLO, M.D., and SERGEANT DANIEL
HERBERT, in acting to deprive plaintiff's rights, acted intentionally, knowingly,
willfully, and with gross disregard of plaintiff's rights.

120.     As a result of the acts of the defendants CITY OF NEW YORK, NEW YORK
CITY POLICE DEPARTMENT, RAYMOND KELLY, Commissioner of the NYC
Police Department, LIEUTENANT RICHARD J. KHALAF, SERGEANT DAMIAN
GARCIA, INSPECTOR NANCY BARRY, "JOHN" BELLO, M.D., and SERGEANT
DANIEL HERBERT, under color of law, plaintiff suffered emotional distress, monetary
damage, and incurred medical and legal expenses, and out of pocket expenses for
telephone, postage, and other costs of pursuing the claims herein.

## COUNT VII
## GENDER DISCRIMINATION IN VIOLATION OF
## THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983

121.     Plaintiff re-alleges paragraphs 1 through 120 and incorporates them by reference

as paragraphs 1 through 120 of Count VII of this Complaint.

122.     Defendants CITY OF NEW YORK, NEW YORK CITY POLICE

DEPARTMENT, RAYMOND KELLY, Commissioner of the NYC Police Department,

LIEUTENANT RICHARD J. KHALAF, SERGEANT DAMIAN GARCIA,

INSPECTOR NANCY BARRY, "JOHN" BELLO, M.D., and SERGEANT DANIEL

HERBERT, under color of law, personally interfered with and deprived plaintiff of her

constitutional rights, including the rights: to enjoy freedom of speech, to petition her

government for redress of her grievances, to be secure in her person, to enjoy privacy, to

be free from deprivation of life, liberty, and property without due process of law.

123.     Defendants LIEUTENANT RICHARD J. KHALAF, SERGEANT DAMIAN

GARCIA, INSPECTOR NANCY BARRY, "JOHN" BELLO, M.D., and SERGEANT

DANIEL HERBERT,  acting individually and in their official capacities as public

officials of defendant CITY under color of law, and having been fully advised that

plaintiff was being deprived of her constitutional rights, either acted in a concerted,

malicious intentional pattern to further discriminate against plaintiff, or knowing such

discrimination was taking place, knowingly omitted to act to protect plaintiff from

continuing deprivations of her rights to enjoy freedom of speech, to petition her

government for redress of her grievances, to be secure in her person, to enjoy privacy, to

be free from deprivation of life, liberty, and property without due process of law, all in

violation of 42 U.S.C. § 1983.

124.     Defendants CITY OF NEW YORK, NEW YORK CITY POLICE

DEPARTMENT, RAYMOND KELLY, Commissioner of the NYC Police Department,

LIEUTENANT RICHARD J. KHALAF, SERGEANT DAMIAN GARCIA,

INSPECTOR NANCY BARRY, "JOHN" BELLO, M.D., and SERGEANT DANIEL

HERBERT,  in acting to deprive plaintiff's rights, acted intentionally, knowingly,

willfully, and with gross disregard of plaintiff's rights.

125.     As a result of the acts of the defendants CITY OF NEW YORK, NEW YORK

CITY POLICE DEPARTMENT, RAYMOND KELLY, Commissioner of the NYC

Police Department, LIEUTENANT RICHARD J. KHALAF, SERGEANT DAMIAN

GARCIA, INSPECTOR NANCY BARRY, "JOHN" BELLO, M.D., and SERGEANT

DANIEL HERBERT, under color of law, plaintiff suffered emotional distress, monetary

damage, and incurred medical and legal expenses, and out of pocket expenses for

telephone, postage, and other costs of pursuing the claims herein.

**COUNT VIII**
**COLOR DISCRIMINATION IN VIOLATION OF**
**THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983**

126.     Plaintiff re-alleges paragraphs 1 through 125 and incorporates them by reference

as paragraphs 1 through 125 of Count VIII of this Complaint.

127.     Defendants CITY OF NEW YORK, NEW YORK CITY POLICE

DEPARTMENT, RAYMOND KELLY, Commissioner of the NYC Police Department,

LIEUTENANT RICHARD J. KHALAF, SERGEANT DAMIAN GARCIA,

INSPECTOR NANCY BARRY, "JOHN" BELLO, M.D., and SERGEANT DANIEL

HERBERT, under color of law, personally interfered with and deprived plaintiff of her

constitutional rights, including the rights: to enjoy freedom of speech, to petition her

government for redress of her grievances, to be secure in her person, to enjoy privacy, to

be free from deprivation of life, liberty, and property without due process of law.

128.      Defendants LIEUTENANT RICHARD J. KHALAF, SERGEANT DAMIAN

GARCIA, INSPECTOR NANCY BARRY, "JOHN" BELLO, M.D., and SERGEANT

DANIEL HERBERT,  acting individually and in their official capacities as public

officials of defendant CITY under color of law, and having been fully advised that

plaintiff was being deprived of her constitutional rights, either acted in a concerted,

malicious intentional pattern to further discriminate against plaintiff, or knowing such

discrimination was taking place, knowingly omitted to act to protect plaintiff from

continuing deprivations of her rights to enjoy freedom of speech, to petition her

government for redress of her grievances, to be secure in her person, to enjoy privacy, to

be free from deprivation of life, liberty, and property without due process of law, all in

violation of 42 U.S.C. § 1983.

129.      Defendants CITY OF NEW YORK, NEW YORK CITY POLICE

DEPARTMENT, RAYMOND KELLY, Commissioner of the NYC Police Department,

LIEUTENANT RICHARD J. KHALAF, SERGEANT DAMIAN GARCIA,

INSPECTOR NANCY BARRY, "JOHN" BELLO, M.D., and SERGEANT DANIEL

HERBERT,  in acting to deprive plaintiff's rights, acted intentionally, knowingly,

willfully, and with gross disregard of plaintiff's rights.

130.      As a result of the acts of the defendants CITY OF NEW YORK, NEW YORK

CITY POLICE DEPARTMENT, RAYMOND KELLY, Commissioner of the NYC

Police Department, LIEUTENANT RICHARD J. KHALAF, SERGEANT DAMIAN

GARCIA, INSPECTOR NANCY BARRY, "JOHN" BELLO, M.D., and SERGEANT

DANIEL HERBERT, under color of law, plaintiff suffered emotional distress, monetary

damage, and incurred medical and legal expenses, and out of pocket expenses for

telephone, postage, and other costs of pursuing the claims herein.

**COUNT IX**
**RETALIATION IN VIOLATION OF**
**THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983**

131.     Plaintiff re-alleges paragraphs 1 through 130 and incorporates them by reference

as paragraphs 1 through 130 of Count IX of this Complaint.

132.     Defendants CITY OF NEW YORK, NEW YORK CITY POLICE

DEPARTMENT, RAYMOND KELLY, Commissioner of the NYC Police Department,

LIEUTENANT RICHARD J. KHALAF, SERGEANT DAMIAN GARCIA,

INSPECTOR NANCY BARRY, "JOHN" BELLO, M.D., and SERGEANT DANIEL

HERBERT, under color of law, personally interfered with and deprived plaintiff of her

pension and constitutional rights, including the rights: to enjoy freedom of speech, to

petition her government for redress of her grievances, to be secure in her person, to enjoy

privacy, to be free from deprivation of life, liberty, and property without due process of

law.

133.     Defendants CITY OF NEW YORK, NEW YORK CITY POLICE

DEPARTMENT, RAYMOND KELLY, Commissioner of the NYC Police Department,

LIEUTENANT RICHARD J. KHALAF, SERGEANT DAMIAN GARCIA,

INSPECTOR NANCY BARRY, "JOHN" BELLO, M.D., and SERGEANT DANIEL

HERBERT,  acting individually and in their official capacities as public officials of

defendant CITY, under color of law, and having been fully advised that plaintiff was

being deprived of her constitutional rights, either acted in a concerted, malicious

intentional pattern to further discriminate against plaintiff by engaging in retaliatory acts, or knowing such discrimination was taking place, knowingly omitted to act to protect plaintiff from continuing deprivations of her rights to enjoy freedom of speech, to petition her government for redress of her grievances, to be secure in her person, to enjoy privacy, to be free from deprivation of life, liberty, and property without due process of law, all in violation of 42 U.S.C. § 1983.

134.    As a result of the acts of the defendants' under color of law, plaintiff suffered emotional distress, monetary damage, loss of pension rights, and incurred medical and legal expenses, and out of pocket expenses for telephone, postage, and other costs of pursuing the claims herein.

### COUNT X
### HOSTILE WORK ENVIRONMENT IN VIOLATION OF
### THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983

135.    Plaintiff re-alleges paragraphs 1 through 134 and incorporates them by reference as paragraphs 1 through 134 of Count X of this Complaint.

136.    Defendants CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, RAYMOND KELLY, Commissioner of the NYC Police Department, LIEUTENANT RICHARD J. KHALAF, SERGEANT DAMIAN GARCIA, INSPECTOR NANCY BARRY, "JOHN" BELLO, M.D., and SERGEANT DANIEL HERBERT, under color of law, personally interfered with and deprived plaintiff of her constitutional rights, including the rights: to enjoy freedom of speech, to petition her government for redress of her grievances, to be secure in her person, to enjoy privacy, to be free from deprivation of life, liberty, and property without due process of law.

137.    Defendants  CITY OF NEW YORK, NEW YORK CITY POLICE

DEPARTMENT, RAYMOND KELLY, Commissioner of the NYC Police Department,
LIEUTENANT RICHARD J. KHALAF, SERGEANT DAMIAN GARCIA,
INSPECTOR NANCY BARRY, "JOHN" BELLO, M.D., and SERGEANT DANIEL
HERBERT, acting individually and in their official capacities as public officials of
defendant CITY, under color of law, and having been fully advised that plaintiff was
being deprived of her pension and constitutional rights, either acted in a concerted,
malicious intentional pattern to further discriminate against plaintiff, or knowing such
discrimination was taking place, knowingly omitted to act to protect plaintiff from
continuing deprivations of her rights to enjoy freedom of speech, to petition her
government for redress of her grievances, to be secure in her person, to enjoy privacy, to
be free from deprivation of life, liberty, and property without due process of law, all in
violation of 42 U.S.C. § 1983.

138.     As a result of the acts of the defendants' under color of law, plaintiff suffered
emotional distress, monetary damage, loss of pension rights, and incurred medical and
legal expenses, and out of pocket expenses for telephone, postage, and other costs of
pursuing the claims herein.

## COUNT XI
### RACE DISCRIMINATION IN VIOLATION OF
### THE CIVIL RIGHTS ACT OF 1866, 42 U.S.C. § 1981

139.     Plaintiff re-alleges paragraphs 1 through 138 and incorporates them by reference as
paragraphs 1 through 138 of Count XI of this Complaint.

140.     That by the aforesaid discriminatory acts and omissions of Defendants CITY OF
NEW YORK, NEW YORK CITY POLICE DEPARTMENT, RAYMOND KELLY,
Commissioner of the NYC Police Department, LIEUTENANT RICHARD J. KHALAF,

SERGEANT DAMIAN GARCIA, INSPECTOR NANCY BARRY, "JOHN" BELLO, M.D., and SERGEANT DANIEL HERBERT, acting individually and in their official capacities as public officials of defendant CITY interfered with plaintiff's right to enforce contracts under the color of State Law.

141.     That the purpose of Defendants CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, RAYMOND KELLY, Commissioner of the NYC Police Department, LIEUTENANT RICHARD J. KHALAF, SERGEANT DAMIAN GARCIA, INSPECTOR NANCY BARRY, "JOHN" BELLO, M.D., and SERGEANT DANIEL HERBERT, in so acting was to prevent plaintiff, through economic and psychological intimidation, from seeking the equal protection of the laws, and from enjoying the equal privileges and immunities of citizens under the Constitution and laws of the United States and the State of New York including but not limited to enjoy her right to freedom of speech, to petition her government for redress of her grievances, to enjoy privacy, and deprivation of life, liberty, and property without due process of law.

142.     Pursuant to their conduct, the Defendants CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, RAYMOND KELLY, Commissioner of the NYC Police Department, LIEUTENANT RICHARD J. KHALAF, SERGEANT DAMIAN GARCIA, INSPECTOR NANCY BARRY, "JOHN" BELLO, M.D., and SERGEANT DANIEL HERBERT, acted to deprive the plaintiff of her civil rights, by repeated and insidious acts of harassment, intimidation, bad faith and threat, all in violation of 42 U.S.C. § 1981.

143.     As a result of the aforesaid acts, depriving plaintiff of her civil rights, plaintiff

suffered mental anguish, emotional distress, loss of employment opportunities, and other

monetary damages.

**COUNT XII**
**GENDER DISCRIMINATION IN VIOLATION OF**
**THE CIVIL RIGHTS ACT OF 1866, 42 U.S.C. § 1981**

144.     Plaintiff re-alleges paragraphs 1 through 143 and incorporates them by reference as

paragraphs 1 through 143 of Count XII of this Complaint.

145.     That by the aforesaid discriminatory acts and omissions of CITY OF NEW

YORK, NEW YORK CITY POLICE DEPARTMENT, RAYMOND KELLY,

Commissioner of the NYC Police Department, LIEUTENANT RICHARD J. KHALAF,

SERGEANT DAMIAN GARCIA, INSPECTOR NANCY BARRY, "JOHN" BELLO,

M.D., and SERGEANT DANIEL HERBERT, acting individually and in their official

capacities as public officials of defendant CITY interfered with plaintiff's right to enforce

contracts under the color of State Law.

146.     That the purpose of Defendants CITY OF NEW YORK, NEW YORK CITY

POLICE DEPARTMENT, RAYMOND KELLY, Commissioner of the NYC Police

Department, LIEUTENANT RICHARD J. KHALAF, SERGEANT DAMIAN GARCIA,

INSPECTOR NANCY BARRY, "JOHN" BELLO, M.D., and SERGEANT DANIEL

HERBERT, in so acting was to prevent plaintiff, through economic and psychological

intimidation, from seeking the equal protection of the laws, and from enjoying the equal

privileges and immunities of citizens under the Constitution and laws of the United States

and the State of New York including but not limited to enjoy her right to freedom of

speech, to petition her government for redress of her grievances, to enjoy privacy, and deprivation of life, liberty, and property without due process of law.

147.    Pursuant to their conduct, the Defendants CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, RAYMOND KELLY, Commissioner of the NYC Police Department, LIEUTENANT RICHARD J. KHALAF, SERGEANT DAMIAN GARCIA, INSPECTOR NANCY BARRY, "JOHN" BELLO, M.D., and SERGEANT DANIEL HERBERT, acted to deprive the plaintiff of her civil rights, by repeated and insidious acts of harassment, intimidation, bad faith and threat, all in violation of 42 U.S.C. § 1981.

148.    As a result of the aforesaid acts, depriving plaintiff of her civil rights, plaintiff suffered mental anguish, emotional distress, loss of employment opportunities, and other monetary damages.

## COUNT XIII
### COLOR DISCRIMINATION IN VIOLATION OF
### THE CIVIL RIGHTS ACT OF 1866, 42 U.S.C. § 1981

149.    Plaintiff re-alleges paragraphs 1 through 148 and incorporates them by reference as paragraphs 1 through 148 of Count XIII of this Complaint.

150.    That by the aforesaid discriminatory acts and omissions of Defendants CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, RAYMOND KELLY, Commissioner of the NYC Police Department, LIEUTENANT RICHARD J. KHALAF, SERGEANT DAMIAN GARCIA, INSPECTOR NANCY BARRY, "JOHN" BELLO, M.D., and SERGEANT DANIEL HERBERT, acting individually and in their official capacities as public officials of defendant CITY interfered with plaintiff's right to enforce contracts under the color of State Law.

151.     That the purpose of Defendants CITY OF NEW YORK, NEW YORK CITY

POLICE DEPARTMENT, RAYMOND KELLY, Commissioner of the NYC Police

Department, LIEUTENANT RICHARD J. KHALAF, SERGEANT DAMIAN GARCIA,

INSPECTOR NANCY BARRY, "JOHN" BELLO, M.D., and SERGEANT DANIEL

HERBERT, in so acting was to prevent plaintiff, through economic and psychological

intimidation, from seeking the equal protection of the laws, and from enjoying the equal

privileges and immunities of citizens under the Constitution and laws of the United States

and the State of New York including but not limited to enjoy her right to freedom of

speech, to petition her government for redress of her grievances, to enjoy privacy, and

deprivation of life, liberty, and property without due process of law.

152.     Pursuant to their conduct, the Defendants CITY OF NEW YORK, NEW YORK

CITY POLICE DEPARTMENT, RAYMOND KELLY, Commissioner of the NYC

Police Department, LIEUTENANT RICHARD J. KHALAF, SERGEANT DAMIAN

GARCIA, INSPECTOR NANCY BARRY, "JOHN" BELLO, M.D., and SERGEANT

DANIEL HERBERT, acted to deprive the plaintiff of her civil rights, by repeated and

insidious acts of harassment, intimidation, bad faith and threat, all in violation of 42

U.S.C. § 1981.

153.     As a result of the aforesaid acts, depriving plaintiff of her civil rights, plaintiff

suffered mental anguish, emotional distress, loss of employment opportunities, and other

monetary damages.

## COUNT XIV
## RETALIATION IN VIOLATION OF
## THE CIVIL RIGHTS ACT OF 1866, 42 U.S.C. § 1981

154.     Plaintiff re-alleges paragraphs 1 through 153 and incorporates them by reference as

paragraphs 1 through 153 of Count XIV of this Complaint.

155.     Plaintiff alleges that Defendants CITY OF NEW YORK, NEW YORK CITY

POLICE DEPARTMENT, RAYMOND KELLY, Commissioner of the NYC Police

Department, LIEUTENANT RICHARD J. KHALAF, SERGEANT DAMIAN GARCIA,

INSPECTOR NANCY BARRY, "JOHN" BELLO, M.D., and SERGEANT DANIEL

HERBERT, acting individually and in their official capacities as public officials of

defendant CITY, engaged in various retaliatory actions against plaintiff as a result of her

opposition to race and color discrimination.

156.     That the purpose of Defendants acting individually and in their official capacities

as public officials of defendant CITY, in so acting was to prevent plaintiff, through

economic and psychological intimidation, from seeking the equal protection of the laws,

and from enjoying the equal privileges and immunities of citizens under the Constitution

and laws of the United States and the State of New York.

157.     Pursuant to their conduct, the defendants acted to deprive the plaintiff of her civil

rights, by repeated and insidious acts of harassment, intimidation, bad faith and threat, all

in violation of 42 U.S.C. § 1981.

158.     As a result of the aforesaid acts, depriving plaintiff of her civil rights, plaintiff

suffered mental anguish, emotional distress, loss of employment opportunities, and other

monetary damages.

## COUNT XV
### HOSTILE WORK ENVIRONMENT IN VIOLATION OF
### THE CIVIL RIGHTS ACT OF 1866, 42 U.S.C. § 1981

159.     Plaintiff re-alleges paragraphs 1 through 158 and incorporates them by reference as

paragraphs 1 through 158 of Count XV of this Complaint.

160.     Plaintiff alleges that Defendants CITY OF NEW YORK, NEW YORK CITY

POLICE DEPARTMENT, RAYMOND KELLY, Commissioner of the NYC Police

Department, LIEUTENANT RICHARD J. KHALAF, SERGEANT DAMIAN GARCIA,

INSPECTOR NANCY BARRY, "JOHN" BELLO, M.D., and SERGEANT DANIEL

HERBERT, acting individually and in their official capacities as public officials of

defendant CITY, engaged in various severe and hostile actions against plaintiff as a result

of her opposition to race and color discrimination.

161.     That the purpose of Defendants CITY OF NEW YORK, NEW YORK CITY

POLICE DEPARTMENT, RAYMOND KELLY, Commissioner of the NYC Police

Department, LIEUTENANT RICHARD J. KHALAF, SERGEANT DAMIAN GARCIA,

INSPECTOR NANCY BARRY, "JOHN" BELLO, M.D., and SERGEANT DANIEL

HERBERT, in so acting was to prevent plaintiff, through economic and psychological

intimidation, from seeking the equal protection of the laws, and from enjoying the equal

privileges and immunities of citizens under the Constitution and laws of the United States

and the State of New York.

162.     Pursuant to their conduct, the defendants acted to deprive the plaintiff of her civil

rights, by repeated and insidious acts of harassment, intimidation, bad faith and threat, all

in violation of 42 U.S.C. § 1981.

163.     As a result of the aforesaid acts, depriving plaintiff of her civil rights, plaintiff

suffered mental anguish, emotional distress, loss of employment opportunities, and other

monetary damages.

## COUNT XVI
## RACE DISCRIMINATION IN VIOLATION OF
## NEW YORK STATE EXECUTIVE LAW § 296

164.     Plaintiff re-alleges paragraphs 1 through 163 and incorporates them by reference as

paragraphs 1 through 163 of Count XVI of this Complaint.

165.     Plaintiff alleges that New York State Executive Law §296, makes it unlawful to

discriminate against any individual in the terms, conditions, or privileges of employment

based upon race for having made charges of same.

166.     Plaintiff alleges that based upon the foregoing, defendants CITY OF NEW

YORK, NEW YORK CITY POLICE DEPARTMENT, RAYMOND KELLY,

Commissioner of the NYC Police Department, LIEUTENANT RICHARD J. KHALAF,

SERGEANT DAMIAN GARCIA, INSPECTOR NANCY BARRY, "JOHN" BELLO,

M.D., and SERGEANT DANIEL HERBERT, discriminated against the Plaintiff based on

her race for having made charges of same.

167.     Plaintiff alleges that as a direct and proximate result of the unlawful employment

practices of Defendants CITY OF NEW YORK, NEW YORK CITY POLICE

DEPARTMENT, RAYMOND KELLY, Commissioner of the NYC Police Department,

LIEUTENANT RICHARD J. KHALAF, SERGEANT DAMIAN GARCIA,

INSPECTOR NANCY BARRY, "JOHN" BELLO, M.D., and SERGEANT DANIEL

HERBERT, plaintiff has suffered the indignity of race discrimination, and great

humiliation.

168.    Plaintiff alleges that because of defendants CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, RAYMOND KELLY, Commissioner of the NYC Police Department, LIEUTENANT RICHARD J. KHALAF, SERGEANT DAMIAN GARCIA, INSPECTOR NANCY BARRY, "JOHN" BELLO, M.D., and SERGEANT DANIEL HERBERT's violations, Plaintiff has been damaged.

**COUNT XVII**
**GENDER DISCRIMINATION IN VIOLATION OF**
**NEW YORK STATE EXECUTIVE LAW § 296**

169.    Plaintiff re-alleges paragraphs 1 through 168 and incorporates them by reference as paragraphs 1 through 168 of Count XVII of this Complaint.

170.    Plaintiff alleges that New York State Executive Law §296, makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment based upon gender for having made charges of same.

171.    Plaintiff alleges that based upon the foregoing, defendants CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, RAYMOND KELLY, Commissioner of the NYC Police Department, LIEUTENANT RICHARD J. KHALAF, SERGEANT DAMIAN GARCIA, INSPECTOR NANCY BARRY, "JOHN" BELLO, M.D., and SERGEANT DANIEL HERBERT, discriminated against the Plaintiff based on her gender for having made charges of same.

172.    Plaintiff alleges that as a direct and proximate result of the unlawful employment practices of Defendants CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, RAYMOND KELLY, Commissioner of the NYC Police Department, LIEUTENANT RICHARD J. KHALAF, SERGEANT DAMIAN GARCIA, INSPECTOR NANCY BARRY, "JOHN" BELLO, M.D., and SERGEANT DANIEL

HERBERT, plaintiff has suffered the indignity of gender discrimination, and great humiliation.

Plaintiff alleges that because of defendants CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, RAYMOND KELLY, Commissioner of the NYC Police Department, LIEUTENANT RICHARD J. KHALAF, SERGEANT DAMIAN GARCIA, INSPECTOR NANCY BARRY, "JOHN" BELLO, M.D., and SERGEANT DANIEL HERBERT's violations, Plaintiff has been damaged.

**COUNT XVIII**
**COLOR DISCRIMINATION IN VIOLATION OF**
**NEW YORK STATE EXECUTIVE LAW § 296**

173.    Plaintiff re-alleges paragraphs 1 through 172 and incorporates them by reference as paragraphs 1 through 172 of Count XVIII of this Complaint.

174.    Plaintiff alleges that New York State Executive Law §296, makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment based upon color for having made charges of same.

175.    Plaintiff alleges that based upon the foregoing, defendants CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, RAYMOND KELLY, Commissioner of the NYC Police Department, LIEUTENANT RICHARD J. KHALAF, SERGEANT DAMIAN GARCIA, INSPECTOR NANCY BARRY, "JOHN" BELLO, M.D., and SERGEANT DANIEL HERBERT, discriminated against the Plaintiff based on her color for having made charges of same.

176.    Plaintiff alleges that as a direct and proximate result of the unlawful employment practices of Defendants CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, RAYMOND KELLY, Commissioner of the NYC Police Department,

LIEUTENANT RICHARD J. KHALAF, SERGEANT DAMIAN GARCIA, INSPECTOR NANCY BARRY, "JOHN" BELLO, M.D., and SERGEANT DANIEL HERBERT, plaintiff has suffered the indignity of color discrimination, and great humiliation.

177.    Plaintiff alleges that because of defendants CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, RAYMOND KELLY, Commissioner of the NYC Police Department, LIEUTENANT RICHARD J. KHALAF, SERGEANT DAMIAN GARCIA, INSPECTOR NANCY BARRY, "JOHN" BELLO, M.D., and SERGEANT DANIEL HERBERT's violations, Plaintiff has been damaged.

### COUNT XIX
### RETALIATION IN VIOLATION OF
### NEW YORK STATE EXECUTIVE LAW § 296

178.    Plaintiff re-alleges paragraphs 1 through 177 and incorporates them by reference as paragraphs 1 through 177 of Count XIX of this Complaint.

179.    Plaintiff alleges that New York State Executive Law §296, makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment based upon race, gender and color and makes it illegal to retaliate for charging same.

180.    Plaintiff alleges that based upon the foregoing, defendants CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, RAYMOND KELLY, Commissioner of the NYC Police Department, LIEUTENANT RICHARD J. KHALAF, SERGEANT DAMIAN GARCIA, INSPECTOR NANCY BARRY, "JOHN" BELLO, M.D., and SERGEANT DANIEL HERBERT discriminated against the Plaintiff based on race, gender and color and in retaliation for charging same.

181.     Plaintiff alleges that as a direct and proximate result of the unlawful employment practices of Defendants CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, RAYMOND KELLY, Commissioner of the NYC Police Department, LIEUTENANT RICHARD J. KHALAF, SERGEANT DAMIAN GARCIA, INSPECTOR NANCY BARRY, "JOHN" BELLO, M.D., and SERGEANT DANIEL HERBERT, plaintiff has suffered the indignity of retaliation and great humiliation.

182.     Plaintiff alleges that because of defendants CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, RAYMOND KELLY, Commissioner of the NYC Police Department, LIEUTENANT RICHARD J. KHALAF, SERGEANT DAMIAN GARCIA, INSPECTOR NANCY BARRY, "JOHN" BELLO, M.D., and SERGEANT DANIEL HERBERT's violations, Plaintiff has been damaged.

**COUNT XX**
**HOSTILE WORK ENVIRONMENT IN VIOLATION OF**
**NEW YORK STATE EXECUTIVE LAW §296**

183.     Plaintiff re-alleges paragraphs 1 through 182 and incorporates them by reference as paragraphs 1 through 182 of Count XX of this Complaint.

184.     Plaintiff alleges that New York State Executive Law §296, makes it unlawful to create, condone and/or tolerate a hostile working environment based upon race, gender or color, harassment, and retaliation.

185.     Plaintiff alleges that based upon the foregoing, defendants CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, RAYMOND KELLY, Commissioner of the NYC Police Department, LIEUTENANT RICHARD J. KHALAF, SERGEANT DAMIAN GARCIA, INSPECTOR NANCY BARRY, "JOHN" BELLO, M.D., and SERGEANT DANIEL HERBERT created, condoned and tolerated a hostile

working environment which negatively affected the terms and conditions of her employment.

186.    Plaintiff alleges that Defendants CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, RAYMOND KELLY, Commissioner of the NYC Police Department, LIEUTENANT RICHARD J. KHALAF, SERGEANT DAMIAN GARCIA, INSPECTOR NANCY BARRY, "JOHN" BELLO, M.D., and SERGEANT DANIEL HERBERT created, condoned and tolerated a hostile working environment which caused Plaintiff to sustain damages.

## COUNT XXI
### RACE DISCRIMINATION IN VIOLATION OF
### NEW YORK CITY ADMINISTRATIVE CODE § 8-107

187.    Plaintiff re-alleges paragraphs 1 through 186 and incorporates them by reference as paragraphs 1 through 186 of Count XXI of this Complaint.

188.    Plaintiff alleges that New York City Administrative Code §8-107, makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment based upon race and makes it illegal to retaliate for charging same.

189.    Plaintiff alleges that based upon the foregoing, defendants CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, RAYMOND KELLY, Commissioner of the NYC Police Department, LIEUTENANT RICHARD J. KHALAF, SERGEANT DAMIAN GARCIA, INSPECTOR NANCY BARRY, "JOHN" BELLO, M.D., and SERGEANT DANIEL HERBERT discriminated against the Plaintiff based upon her race and in retaliation for charging same.

190.    Plaintiff alleges that as a direct and proximate result of the unlawful employment practices of Defendants CITY OF NEW YORK, NEW YORK CITY POLICE

DEPARTMENT, RAYMOND KELLY, Commissioner of the NYC Police Department, LIEUTENANT RICHARD J. KHALAF, SERGEANT DAMIAN GARCIA, INSPECTOR NANCY BARRY, "JOHN" BELLO, M.D., and SERGEANT DANIEL HERBERT, Plaintiff has suffered the indignity of race discrimination, retaliation and great humiliation.

191.     Plaintiff alleges that because of defendants CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, RAYMOND KELLY, Commissioner of the NYC Police Department, LIEUTENANT RICHARD J. KHALAF, SERGEANT DAMIAN GARCIA, INSPECTOR NANCY BARRY, "JOHN" BELLO, M.D., and SERGEANT DANIEL HERBERT's violations, Plaintiff has been damaged.

**COUNT XXII**
**GENDER DISCRIMINATION IN VIOLATION OF**
**NEW YORK CITY ADMINISTRATIVE CODE § 8-107**

192.     Plaintiff re-alleges paragraphs 1 through 191 and incorporates them by reference as paragraphs 1 through 191 of Count XXII of this Complaint.

193.     Plaintiff alleges that New York City Administrative Code §8-107, makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment based upon gender and makes it illegal to retaliate for charging same.

194.     Plaintiff alleges that based upon the foregoing, defendants CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, RAYMOND KELLY, Commissioner of the NYC Police Department, LIEUTENANT RICHARD J. KHALAF, SERGEANT DAMIAN GARCIA, INSPECTOR NANCY BARRY, "JOHN" BELLO, M.D., and SERGEANT DANIEL HERBERT discriminated against the Plaintiff based upon her gender and in retaliation for charging same.

195.    Plaintiff alleges that as a direct and proximate result of the unlawful employment practices of Defendants CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, RAYMOND KELLY, Commissioner of the NYC Police Department, LIEUTENANT RICHARD J. KHALAF, SERGEANT DAMIAN GARCIA, INSPECTOR NANCY BARRY, "JOHN" BELLO, M.D., and SERGEANT DANIEL HERBERT, Plaintiff has suffered the indignity of gender discrimination, retaliation and great humiliation.

196.    Plaintiff alleges that because of defendants CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, RAYMOND KELLY, Commissioner of the NYC Police Department, LIEUTENANT RICHARD J. KHALAF, SERGEANT DAMIAN GARCIA, INSPECTOR NANCY BARRY, "JOHN" BELLO, M.D., and SERGEANT DANIEL HERBERT's violations, Plaintiff has been damaged.

## COUNT XXIII
### COLOR DISCRIMINATION IN VIOLATION OF
### NEW YORK CITY ADMINISTRATIVE CODE § 8-107

197.    Plaintiff re-alleges paragraphs 1 through 196 and incorporates them by reference as paragraphs 1 through 196 of Count XXIII of this Complaint.

198.    Plaintiff alleges that New York City Administrative Code §8-107, makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment based upon color and makes it illegal to retaliate for charging same.

199.    Plaintiff alleges that based upon the foregoing, defendants CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, RAYMOND KELLY, Commissioner of the NYC Police Department, LIEUTENANT RICHARD J. KHALAF, SERGEANT DAMIAN GARCIA, INSPECTOR NANCY BARRY, "JOHN" BELLO,

M.D., and SERGEANT DANIEL HERBERT discriminated against the Plaintiff based upon her color and in retaliation for charging same.

200.      Plaintiff alleges that as a direct and proximate result of the unlawful employment practices of Defendants CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, RAYMOND KELLY, Commissioner of the NYC Police Department, LIEUTENANT RICHARD J. KHALAF, SERGEANT DAMIAN GARCIA, INSPECTOR NANCY BARRY, "JOHN" BELLO, M.D., and SERGEANT DANIEL HERBERT, Plaintiff has suffered the indignity of color discrimination, retaliation and great humiliation.

201.      Plaintiff alleges that because of defendants CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, RAYMOND KELLY, Commissioner of the NYC Police Department, LIEUTENANT RICHARD J. KHALAF, SERGEANT DAMIAN GARCIA, INSPECTOR NANCY BARRY, "JOHN" BELLO, M.D., and SERGEANT DANIEL HERBERT's violations, Plaintiff has been damaged.

**COUNT XXIV**
**RETALIATION IN VIOLATION OF**
**NEW YORK CITY ADMINISTRATIVE CODE §8-107**

202.      Plaintiff re-alleges paragraphs 1 through 201 and incorporates them by reference as paragraphs 1 through 201 of Count XXIV of this Complaint.

203.      Plaintiff alleges that New York City Administrative Code §8-107, makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment based upon race, gender and color and makes it illegal to retaliate for charging same.

204.    Plaintiff alleges that based upon the foregoing, defendants CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, RAYMOND KELLY, Commissioner of the NYC Police Department, LIEUTENANT RICHARD J. KHALAF, SERGEANT DAMIAN GARCIA, INSPECTOR NANCY BARRY, "JOHN" BELLO, M.D., and SERGEANT DANIEL HERBERT discriminated against the Plaintiff based upon her race, gender and color and in retaliation for charging same.

205.    Plaintiff alleges that as a direct and proximate result of the unlawful employment practices of Defendants CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, RAYMOND KELLY, Commissioner of the NYC Police Department, LIEUTENANT RICHARD J. KHALAF, SERGEANT DAMIAN GARCIA, INSPECTOR NANCY BARRY, "JOHN" BELLO, M.D., and SERGEANT DANIEL HERBERT, Plaintiff has suffered the indignity of race, gender and color discrimination, retaliation and great humiliation.

206.    Plaintiff alleges that because of defendants CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, RAYMOND KELLY, Commissioner of the NYC Police Department, LIEUTENANT RICHARD J. KHALAF, SERGEANT DAMIAN GARCIA, INSPECTOR NANCY BARRY, "JOHN" BELLO, M.D., and SERGEANT DANIEL HERBERT's violations, Plaintiff has been damaged.

## COUNT XXV
### HOSTILE WORK ENVIRONMENT IN VIOLATION OF
### NEW YORK CITY ADMINISTRATIVE CODE §8-107

207.    Plaintiff re-alleges paragraphs 1 through 206 and incorporates them by reference as paragraphs 1 through 206 of Count XXV of this Complaint.

208.    Plaintiff alleges that New York City Administrative Code §8-107, makes it unlawful to create, condone or and/or tolerate a hostile working environment based upon race, gender and color discrimination, and retaliation for charging same.

209.    Plaintiff alleges that based upon the foregoing, defendants CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, RAYMOND KELLY, Commissioner of the NYC Police Department, LIEUTENANT RICHARD J. KHALAF, SERGEANT DAMIAN GARCIA, INSPECTOR NANCY BARRY, "JOHN" BELLO, M.D., and SERGEANT DANIEL HERBERT created, condoned and/or tolerated a hostile working environment which negatively affected the terms and conditions of her employment.

210.    Plaintiff alleges that defendants CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, RAYMOND KELLY, Commissioner of the NYC Police Department, LIEUTENANT RICHARD J. KHALAF, SERGEANT DAMIAN GARCIA, INSPECTOR NANCY BARRY, "JOHN" BELLO, M.D., and SERGEANT DANIEL HERBERT's violations caused Plaintiff to sustain damages.

## **JURY TRIAL**

211.    Plaintiff demands a trial by jury of all issues in this action that are so triable.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands compensatory and punitive damages from these Defendants jointly and severally, in an amount to be determined at trial, plus any available statutory remedies, both legal and equitable, and interests and costs.

Dated: July 31, 2013
      Lake Success, New York

                Yours, etc.,

                **CRONIN & BYCZEK, LLP**
                *Attorneys for Plaintiff*

BY:                     
                Moshe C. Bobker
                1983 Marcus Avenue, Suite C-120
                Lake Success, New York 11042
                (516) 358-1700